STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 72-5-14 Vtec |
|---|---|
| Moody Subdivision Approval | DECISION ON MOTION |

Alicia Moody (Applicant) seeks to subdivide property located at 2049 Stage Road in the Town of Benson, Vermont (the Town) into two lots. The Town of Benson Development Review Board (DRB) approved the subdivision. Neighboring landowners Morris and Torrin Silver (Appellants) timely appealed that decision to this Court and filed a Statement of Questions consisting of 12 questions. Appellants moved for summary judgment on Questions 1 through 5, and Applicant moved for dismissal of Appellants' Questions 6 through 10.

In a Decision dated February 20, 2015, this Court denied both parties motions and expressed our intent to grant summary judgment, pursuant to Vermont Rule of Civil Procedure 56(f), in Applicant's favor on Questions 6, 7, 8, 9, and 10 for reasons other than those presented by Applicant. On April 28, 2015, following review of the parties' supplemental filings, we granted summary judgment for the non-moving party (here, Applicant) on Questions 2, 3, 4, 5, 6, 7, 8, 9, and 10 and expressed our intent under Rule 56(f) of the Vermont Rules of Civil Procedure to grant summary judgment in Applicant's favor as to Questions 1 and 11. In accordance with Rule 56(f), the Court gave the parties 30 days in which to respond to its proposed order. Both parties have submitted responsive pleadings, and Applicant has moved for summary judgment in her favor on Question 12.

I. **Standard of Review**

A court may grant summary judgment where a movant "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary

material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

**II.     Question 1**

Appellants revised Question 1 asks whether the Property "constitutes a lot that was in existence at the time the Bylaw was first implemented in 2006, despite the fact that its dimensions, area and road frontage ha[ve] been modified" and is therefore susceptible to subdivision under § 3.3.5 of the Town of Benson Unified Bylaws (Bylaws). Specifically, they argue that as of March 7, 2006, the Property consisted of 6.58 acres, and that since that date, Applicant has conveyed approximately 0.42 of those acres to another landowner. Appellants contend that as a result of this conveyance, the Property is no longer the same lot that existed as of March 7, 2006 and cannot, therefore, be allotted two principal structures under Bylaws § 3.3.5. (Appellants' Response at 2, filed June 1, 2015).

In her responsive pleadings, Applicant argues that the Property currently consists of the entire 6.58 acres in existence as of March 7, 2006 and that the 0.42 acres is merely proposed to be conveyed. (Applicant's Response at 1, filed June 11, 2015). In support of this contention, Applicant offers the plat submitted with the October 15, 2013 application. Applicant also alleges that regardless of whether the 0.42 acres have been conveyed or not, such a conveyance is a lot line adjustment between the Property and adjacent lands owned by Gary Gates, and that pursuant to the Bylaws, the number of principal structures or uses allotted to the Property would not be affected by such a conveyance. See Bylaws § 4.1.12.

As stated in our April 28 Decision, "[b]ecause it was the amended application that was reviewed by the DRB, that is the application we consider when reviewing Applicant's motion for summary judgment on . . . Questions 1 and 11." In re Moody Subdivision, No. 72-5-14 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Apr. 28, 2015). We do not, therefore, consider any applications filed or considered prior to the revised application dated October 15, 2013.

The revised application seeks to subdivide a 6.13 acre lot. Applicant included an asterisk next to this figure informing the reader that the 6.13 acres are the remainder after a lot line adjustment. Although this language is ambiguous as to whether the lot line adjustment has occurred or will occur in the future, the accompanying plat makes it clear that the lot line

2

adjustment, like the subdivision itself, is <u>proposed</u>. The Court therefore concludes that after the 0.42 acres is conveyed and the lot line adjusted, the Property will consist of 6.13 acres but that at present, it consists of 6.58 acres.

Regardless, however, of whether the 0.42 acres have been conveyed and the lot line adjusted since March 2006, the Court agrees with Applicant that pursuant to Bylaws § 4.1.12, a lot line adjustment does not affect the number of principal structures or uses allotted to the Property. We conclude, therefore, that the Property constitutes a lot that was in existence at the time the Bylaw was first implemented in 2006 and is therefore susceptible to subdivision under Bylaws § 3.3.5.

**III.    Question 11**

Question 11 asks whether the DRB's decision violated 24 V.S.A. § 4464(b)(1) by failing to state the conclusions and the basis for those conclusions. In our April 28 Decision, we noted that "although § 4464(b)(1) requires that the DRB's decision include 'a statement of the factual bases on which the appropriate municipal panel has made its conclusions and a statement of the conclusions,' the minutes of the meeting satisfy this requirement, 'provided the factual bases and conclusions relating to the review standards are provided in conformance with this subsection.'" In re Moody Subdivision, No. 72-5-14 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Apr. 28, 2015) (Walsh, J.) (citing 24 V.S.A. § 4464(b)(1)). We found that the materials provided by Appellants, which includes the DRB's decision and minutes from the hearing, satisfy this requirement.

Appellants again contend that the DRB failed to state the basis for its decision, specifically by failing to explain the rationale for its conclusion that the Property is susceptible to subdivision under Bylaws § 3.3.5. (Appellants Response at 2, filed June 1, 2015). The law only requires the DRB to make a factual statement on which it has made its conclusions and to state those conclusions. It does not require that the DRB address every possible argument for appeal or issue raised by an opponent. The DRB based its conclusions on facts as indicated by the minutes of the hearing, which we held to be sufficient under § 4461(b)(1). That the DRB did not foresee Appellants' argument regarding Bylaws § 3.3.5 and specifically address it in its

3

deliberations does not render their decision insufficient under the requirements of § 4464(b)(1).

## IV.    Question 12

Appellants' revised Question 12 raises several issues regarding the procedures followed by the Town in approving the application.  Appellants ask whether they were denied the opportunity for a fair and impartial hearing because a representative of the Town allegedly assured Applicant that the application met all requirements for subdivision approval in advance of any review or public hearing on the application.  Appellants also ask whether they were denied due process, equal protection, and the opportunity for a fair hearing as a result of the Selectboard's decision to waive the application fee.

"A fair trial before an impartial decisionmaker is a basic requirement of due process, applicable to administrative agencies as well as to the courts."  In re JLD Properties of St. Albans, LLC, 2011 VT 57, ¶ 6, 190 Vt. 259 (quoting Sec'y, Agency of Natural Res. v. Upper Valley Reg'l Landfill Corp., 167 Vt. 228, 234–35 (1997)).  Although this extends to decisionmakers who function in a judicial or quasi-judicial capacity, such decisionmakers enjoy a presumption of impartiality.  Id. (citations omitted).  It is only in "'the most extreme of cases' that disqualification for bias is constitutionally required."  Id. at ¶ 9 (quoting Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821 (1986)).

Appellants have made no showing or claim of prejudice, nor have they offered evidence to suggest that the DRB did not fully review the application before them.  Rather, Appellants generally object to the Zoning Administrator's involvement, which they suggest deprived them of a fair hearing.  This is insufficient to establish a due process violation.  The Court also notes that the Bylaws encourage landowners to "discuss subdivision plans with the Development Review Board at a meeting prior to submitting an application for a subdivision permit."  Bylaws § 8.8.1.  Absent a showing or claim of how Applicant's compliance with Bylaws § 8.8.1 resulted in prejudice, the Court cannot find any reason to conclude that Appellants were denied due process by Applicant's compliance with Bylaws § 8.8.1.

As to the fee waiver, we have previously stated, and restate here, that "in this de novo appeal, such administrative decisions are solely within the Town's discretion."  In re Moody

4

Subdivision, No. 72-5-14 Vtec, slip op. at 2 (concluding as a matter of law that the Town's waiver of the fee is immaterial to the application now before the Court) (citing In re Moore 3-Lot Subdivision, No. 123-9-13 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 28, 2014) (Walsh, J.) (noting that this Court does "not review the accuracy or adequacy of the materials submitted to the DRB").  Having already determined that we will not review the Selectboard's decision to waive the fee the Court will not reconsider this issue within the context of Appellants' Question 12.  Especially as Appellants have made no showing of how the Town's waiver of Applicant's application fee results, or could possibly result, in the denial of their rights to due process, equal protection, or the opportunity for a fair hearing.

### Conclusion

As indicated in our April 28, 2015 Decision, we found sufficient support to grant summary judgment in Applicant's favor on grounds other than those presented in each party's motions.  Based on the parties' responsive pleadings, and for the reasons stated above, we **GRANT** summary judgment in Applicant's favor as to Questions 1 and 11.  In response to her motion, we further **GRANT** summary judgment in Applicant's favor as to Question 12.

This resolves the matter now before the Court.  A Judgment Order accompanies this Decision.


Electronically signed on August 12, 2015 at 09:59 AM pursuant to V.R.E.F. 7(d).


_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

5